IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 24-312-TFM-MU |
| | ) |
| TORA WOODWARD, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Robert Johnson, proceeding *pro se*, filed a form "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" (Doc. 1, PageID.1-6), as well as a form "Claim for Damage, Injury, or Death," which is designed to assert claims under the Federal Tort Claims Act (the "FTCA") (Doc. 1, PageID.7-8). Plaintiff also filed a motion to proceed without prepayment of fees. (Doc. 2). Upon review of the complaint, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1) (*see* Doc. 3), the undersigned finds that Johnson has not alleged any facts to support venue in the Southern District of Alabama and, therefore, recommends that this action be **TRANSFERRED** to the Northern District of New York, Syracuse Division.

Plaintiff's complaint is sparse on facts to support his claim. The Complaint for Violation of Civil Rights asserts as the basis of jurisdiction that it is § 1983 claim against state or local officials. (Doc. 1, PageID.3). Plaintiff lists an address for himself in Syracuse, New York. (Doc. 1, PageID.3, 7). The address provided for Tora Woodward is also in Syracuse, New York. (Doc. 1, PageID.2, 7). There is no reference to Woodward's involvement as a state, local, or other government official and no specification of any

1

action she took or failed to take that may have harmed Plaintiff. Plaintiff states that the events giving rise to his claim occurred in Syracuse, New York at the same address as that provided for Defendant. (Doc. 1, PageID.4). The only descriptions of Plaintiff's claims state that he was discriminated against and denied rights to use a computer lab for various reasons, including: his financial status, alleged criminal history, retaliation, disability, race, sex, religion, and nationality. (Doc. 1, PageID.4, 7). There is nothing in Plaintiff's complaint that demonstrates any connection to the Southern District of Alabama.

Under 28 U.S.C. § 1391(b), venue in a civil case in which jurisdiction is not based solely on diversity, as here, is proper in any of the following judicial districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id*. *See* also *New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). For a case brought under the FTCA, venue is proper only in the judicial district where the plaintiff resides or where the act or omission complained of occurred. 32 C.F.R. § 750.32; 28 U.S.C. 1402. The allegations of Plaintiff's complaint do not establish that any of these options are satisfied in this case; therefore, venue is improperly laid in the Southern District of Alabama.

When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer, pursuant to § 1406(a), of a *pro se* plaintiff's *Bivens* action from New York to Georgia), *cert. denied*, 562

U.S. 1250 (2011); *see also Terry v. Harris*, No. CV 19-00203-KD-B, 2019 WL 3024662, at *1 (S.D. Ala. June 14, 2019), *report and recommendation adopted*, No. CV 1:19-00203-KD-B, 2019 WL 3006541 (S.D. Ala. July 10, 2019) (transferring, *sua sponte*, *pro se* plaintiff's § 1983 action brought in improper venue).

In the present action, both Plaintiff and Woodward are alleged to reside in Syracuse, New York and the events giving rise to Plaintiff's claims are alleged to have occurred in Syracuse, New York, which is located in the Northern District of New York. Thus, Plaintiff's action appears to have no connection to this district. Venue is therefore lacking here and appears to be proper in the Northern District of New York. Considering Plaintiff's *pro se* status, it is **RECOMMENDED,** in the interest of justice, that Plaintiff's action be **TRANSFERRED** to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **6th** day of **September, 2024**.

                                      s/ P. Bradley Murray
                                      **UNITED STATES MAGISTRATE JUDGE**